```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA

        VS.         :      NO. 2:08CR-155

GEORGE MICHAEL RILEY

                                  18 U.S.C. §1014
                                  18 U.S.C. §2

                                  I N D I C T M E N T

THE GRAND JURY CHARGES:

### COUNT 1

On or about January 27, 2005, in the Southern District of Ohio, GEORGE MICHAEL RILEY knowingly did make materially false statements in documents submitted to Commodore Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, as part of an applications for a bank loan, for the purpose of influencing the action of said bank to approve the loans, in that GEORGE MICHAEL RILEY stated and represented in said application documents that: 1) the loan was needed to finance the purchase of a Chieftan 400 Power Screen, serial number 6904231 for use in his business operations of United Waste and the John Doe Subsidiaries, and 2) the purchased equipment would be collateral for the loan; whereas in truth and fact, as GEORGE MICHAEL RILEY well knew, the monies from the bank loan was not going to be used to finance the purchase of the power screen for his business but was going to be used for the purchase of property at Buckeye Lake, Ohio, specifically a home at 257 Cornell Road, Hebron, Ohio resulting in a lack of collateral for

the loan.

In violation of 18 U.S.C. §§1014 and 2.

## COUNT 2

On or about February 23, 2005, in the Southern District of Ohio, GEORGE MICHAEL RILEY knowingly did make materially false statements in documents submitted to Commodore Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, as part of an applications for a bank loan, for the purpose of influencing the action of said bank to approve the loans, in that GEORGE MICHAEL RILEY stated and represented in said application documents that: 1) the loan was needed to finance the purchase of a 2003 977 Caterpillar Loader, serial number 11K3797 for use in his business operations of United Waste and the John Doe Subsidiaries, and 2) the purchased equipment would be collateral for the loan; whereas in truth and fact, as GEORGE MICHAEL RILEY well knew, the monies from the bank loan was not going to be used to finance the purchase of the Caterpiller Loader for his business but was going to be used for the purchase of property at Buckeye Lake, Ohio, specifically a home at 257 Cornell Road, Hebron, Ohio resulting in a lack of collateral for the loan.

In violation of 18 U.S.C. §§1014 and 2.

## COUNT 3

On or about March 15, 2005, in the Southern District of

Ohio, GEORGE MICHAEL RILEY knowingly did make materially false statements in documents submitted to Commodore Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, as part of an applications for a bank loan, for the purpose of influencing the action of said bank to approve the loans, in that GEORGE MICHAEL RILEY stated and represented in said application documents that: 1) the loan was needed to finance the purchase of a Jumbo Eagle Crusher, serial number 10821 for use in his business operations of United Waste and the John Doe Subsidiaries, and 2) the purchased equipment would be collateral for the loan; whereas in truth and fact, as GEORGE MICHAEL RILEY well knew, the monies from the bank loan was not going to be used to finance the purchase of the Jumbo Crusher for his business but was going to be used for the purchase of property at Buckeye Lake, Ohio, specifically a home at 257 Cornell Road, Hebron, Ohio resulting in a lack of collateral for the loan.

In violation of 18 U.S.C. §§1014 and 2.

A TRUE BILL:

/S/
FOREPERSON

GREGORY G. LOCKHART
United States Attorney

William E. Hunt
First Assistant U.S. Attorney