# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 2:08-CR-155 |
| vs. | | JUDGE SMITH |
| | : | |
| **GEORGE MICHAEL RILEY** | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

Now comes the United States, by and through its counsel, Assistant United States Attorney Gary L. Spartis, and based on the following memorandum, we respectfully oppose Defendant's motion to terminate supervised release.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Gary L. Spartis
GARY L. SPARTIS (0023428)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Gary.Spartis @usdoj.gov

## MEMORANDUM IN SUPPORT

According to 18 U.S.C. § 3583, a defendant's supervised release may be terminated early and the defendant discharged if the Court is satisfied that such action is warranted by the conduct of the defendant and is in the interest of justice. 18 U.S.C. § 3583(e)(1). This statute refers in turn to 18 U.S.C. § 3553 and lists, among others, the following factors to be considered by the

Court in determining whether to terminate a defendant's supervision prior to the end of the term imposed, including the nature of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, the need to assure adequate deterrence from further crimes, the need to avoid unwarranted sentence disparity, the need to provide the defendant with treatment, the kinds of sentences available, and the sentencing guideline range.

Mr. Riley pled guilty to making false statements on a bank loan application, in violation of 18 U.S.C. § 1014 (Count 3). Following his plea, this Court sentenced the defendant to a term of imprisonment of 24 months (to run concurrently with a state sentence imposed in Licking Count Court of Common Pleas). The Court also ordered him to serve 5 years of supervised release.

Mr. Riley has now filed a motion requesting that this Court terminate his supervised release early. While it is commendable that Mr. Riley has been compliant with the terms and conditions of his supervised release over the past 3 years, the government submits that this fact alone does not justify termination of his supervision. The motion should be denied for several reasons.

First, the defendant has a serious criminal record. He has criminal convictions dating back to 2001 for offenses involving theft and deception, including convictions for Passing Bad Checks, Theft, and Unauthorized Use of Property. Even more disturbing though, are his convictions which involved criminal behavior charged in the Licking County Court of Common Pleas, i.e., Aggravated Theft, Defrauding Creditors, Grand Theft, and Criminal Simulation. Riley was sentenced to 4 years and 11 months and paid restitution of $287,676.46 in this case.

Then, while on supervision for a prior conviction, Mr. Riley committed the instant

offense. The underlying facts of the present conviction are serious. The defendant falsified loans totaling more than $545,000 for equipment that he supposedly needed for his business when he actually applied the proceeds towards a private residence in Buckeye Lake, Ohio. Thus, his criminal record includes numerous crimes involving deception and dishonesty. That fact does not instill confidence that he will continue to be law abiding, or, even continue to follow the rules of his supervision.

Additionally, the defendant has at least one conviction for a crime of violence, that is, Assault in 2002. In that offense, Mr. Riley grabbed the victim by the throat, and choked and punched him. Such a conviction does not weigh in favor of termination of Riley's supervised release.

Early termination of supervised release should be reserved for those defendants who have little or no criminal record, not, whereas here, the defendant has a lengthy, serious criminal record, and, the defendant has previously failed during supervision.

While supervised release may cause some inconvenience to Mr. Riley, there is no mention in his motion how supervised release is adversely affecting his life. The fact remains that he was charged with and convicted of a serious crime, and he has a terrible criminal record. Certain criminal records are so serious or egregious that the offenders should be required to serve the entire period of supervised release. The present conviction coupled with his past criminal history, are simply too egregious to justify a termination of Riley's supervised release.

Moreover, Mr. Riley has only served approximately 3 years of a 5 year period of supervised release. In light of all of the preceding factors, Mr. Riley should continue on supervised release.

**WHEREFORE** the government respectfully requests the defendant's motion be denied.

          Respectfully submitted,

          CARTER M. STEWART
          United States Attorney

          s/Gary L. Spartis
          GARY L. SPARTIS (0023428)
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically served on this 30th day of July, 2014, upon Samuel H. Shamansky, attorney for Defendant Riley.

          s/Gary L. Spartis
          GARY L. SPARTIS (0023428)
          Assistant United States Attorney